```
1  JEAN E. WILLIAMS
   Deputy Assistant Attorney General
2  Environment and Natural Resources Division
   United States Department of Justice
3  CORINNE SNOW (TX Bar No. 24083883)
4  REBECCA JAFFE (NC Bar No. 40726)
   601 D St. NW, 3rd Floor
5  Washington, D.C. 20004
   Tel: (202) 305-0258
6  Fax: (202) 305-0506
7  corinne.snow@usdoj.gov
   rebecca.jaffe@usdoj.gov
8  Counsel for Federal Defendants
```

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA, et al., | |
| Plaintiffs, | |
| v. | |
| U.S. BUREAU OF LAND MANAGEMENT, et al. | Case No. 4:18-cv-00521-HSG (related) |
| Defendants. | Case No. 4:18-cv-00524-HSG (related) |
| SIERRA CLUB, et al., | **STIPULATION** |
| Plaintiffs, | |
| v. | |
| RYAN ZINKE, et al. | |
| Defendants. | |

On November 26, 2018 and December 13, 2018, Federal Defendants sent all parties "clawback" letters under Federal Rule of Civil Procedure 26(b)(5) and Federal Rule of Evidence 502(b) identifying eight documents as having been inadvertently disclosed in the original administrative record and that Federal Defendants believe contained privileged information. Environmental Plaintiffs have

sequestered, but not destroyed, these eight documents because Environmental Plaintiffs believe that the documents involve statements that the government has put at issue in this case (or may put at issue during summary judgment briefing), which would waive the government's assertion of privilege. Federal Defendants contend that they have not put the privileged statements at issue and that the Environmental Plaintiffs cannot retain privileged documents subject to a clawback based on hypothetical future actions.  The parties disagree whether Rule 26(b)(5) gives Environmental Plaintiffs the option of sequestering, rather than destroying or returning, the documents under these circumstances.  Federal Defendants contend that sequestration is appropriate only while a party seeks more information on the basis for the clawback or while a party challenges the clawback in Court.  The Environmental Plaintiffs contend that no such limitation applies under Rule 26(b)(5).  The Environmental Plaintiffs and Federal Defendants, however, agree that it is unnecessary for the Court to resolve this dispute (if at all) prior to summary judgment briefing in this case.

      Accordingly, in order to facilitate efficient resolution of disputes and to avoid potentially unnecessary motion practice, Federal Defendants and Environmental Plaintiffs stipulate as follows:[1]

1) Environmental Plaintiffs have not disclosed the eight documents and have segregated them from the rest of the administrative record materials to prevent any future inadvertent disclosures. They will continue to sequester the eight documents.  Environmental Plaintiffs will not use or disclose the eight documents for any purpose prior to resolving any challenges to Federal Defendants' privilege claims.

2) Federal Defendants will not file a motion to compel destruction of the eight documents while Environmental Plaintiffs are considering whether to challenge Federal Defendants' privilege claims.

---

[1] All other parties have represented to Federal Defendants that they have destroyed the eight documents and, accordingly, they are not signatories to this stipulation.

3) Environmental Plaintiffs will not argue that any delay from Federal Defendants waiting for Environmental Plaintiffs pursuant to # 2, above, constitutes waiver of the privilege claims.

4) Federal Defendants will not argue that any delay from Environmental Plaintiffs' deferral of a challenge to Federal Defendants' privilege claims waives the Environmental Plaintiffs' right to challenge those claims.

5) Environmental Plaintiffs will notify Federal Defendants when they reach a final decision as to whether they will challenge Federal Defendants' privilege claims.

IT IS SO STIPULATED.

Respectfully submitted,

JEAN E. WILLIAMS
Deputy Assistant Attorney General

Date: February 19, 2019

/s/ Rebecca Jaffe
Rebecca Jaffe
Trial Attorney
Attorney for Federal Defendants

Date: February 19, 2019

/s/ Michael Freeman
Michael S. Freeman
Attorney for Plaintiffs

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATE: _____

_____
Hon. Haywood S. Gilliam, Jr.
United States District Judge